Jeff Barber
Barber & Associates, LLC
540 E 5th Ave.
Anchorage, AK 99501
(907) 276-5858
jeffb@alaskainjury.com
Attorneys for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| RENAE BOONSTRA, | ) |
| Plaintiff, | ) |
| vs. | ) **COPY** <br> Original Received <br> **JUN 1 8 2021** <br> Clerk of the Trial Courts |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) |
| Defendant. | ) |
| | ) Case No. 3AN-21-06367 CI |

## COMPLAINT

COMES NOW the plaintiff, RENAE BOONSTRA, by and through her attorneys, BARBER & ASSOCIATES, LLC, and for her complaint against defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, does state and allege as follows:

1. At all times material hereto, plaintiff was and is a resident of Anchorage, Alaska.

2. At all times material hereto, defendant was and is an Illinois insurance company doing business in the Third Judicial District.

3. On or about 9/15/18, the plaintiff was injured in motor vehicle collision in Anchorage, Alaska caused by the negligence and/or recklessness of an underinsured motorist who collided with the plaintiff's vehicle.

4. The underinsured motorist, John Gilbert Long, was driving under the influence at the time of the collision.

5. The defendant investigated and determined that the collision was caused by the driver of the other vehicle which collided with the plaintiff's vehicle.

6. The plaintiff was insured for underinsured motorist coverage by the defendant in the 9/15/18 collision.

7. The plaintiff suffered physical injuries in the 9/15/18 collision.

8. On 4/30/20, the plaintiff, through counsel, provided the defendant with notice of the liability settlement with drunk driver for his $50,000 Progressive liability policy limits and requested the defendant to promptly adjust and pay plaintiff's UIM BI claim.

8. Between 4/30/20 and 8/20/20, the defendant requested and the plaintiff provided additional documents and information.

9. On 8/20/20, the defendant's adjuster denied that State Farm owed the plaintiff any UIM BI benefits but offered $3,500 to settle the claim.

4339/01 Complaint
Boonstra v. State Farm Mutual Automobile Ins. Co.
Page 2

10. On 8/26/20, the plaintiff provided additional Alaska Neurology Billing for treatment in June and July, 2020.

11. On 8/27/20, the defendant's adjuster indicated that she would need 5 years of prior medical records to understand how the collision was responsible for claimed treatment 6/2/20-7/21/20.

12. On 4/8/21, the plaintiff disclosed where she had medical treatment for 5 years before the 9/15/18 collision.

13. More than 60 days passed without any response from the defendant to the plaintiff's letter dated 4/8/21.

14. The plaintiff's compensatory damages from the 9/15/18 collision far exceed the amounts paid by the Progressive $50k liability policy limit and the $10k State Farm medical payment benefits.

15. When the defendant's adjusters offered $3,500 for plaintiff's UIM BI claim, they knew or should have known that plaintiff's compensatory damages were significantly greater than the amounts paid by the med pay benefits and the liability policy limit.

16. If the defendants' adjusters had questions about whether the ongoing treatment at Alaska Neurology was related to the 9/15/18 auto collision, then they were obligated to take reasonable steps to resolve those questions.

17. If the defendants' adjusters had questions about whether the ongoing treatment at Alaska Neurology was related to the 9/15/18 auto collision, they could

1) take a statement from the plaintiff;

2) send letters asking questions of plaintiff's medical providers;

3) consult with plaintiff's medical providers;

4) consult with a medical expert of the defendant's choosing; or

5) require the plaintiff to submit to a medical exam with a doctor selected by the defendant.

16. When the defendant's adjusters offered $3,500 for plaintiff's UIM BI claim, they had not consulted with any medical expert regarding the plaintiff's injury or condition.

17. When the defendant's adjusters offered $3,500 for plaintiff's UIM BI claim, they had not written to any of the plaintiff's medical providers inquiring about her injury or condition.

18. When the defendant's adjusters offered $3,500 for plaintiff's UIM BI claim, they had not consulted with any medical professional regarding plaintiff's injury or condition.

19. When the defendant's adjusters offered $3,500 for plaintiff's UIM BI claim, they had not taken any statement from the plaintiff about her ongoing conditions.

20. When the defendant's adjusters offered $3,500 for plaintiff's UIM BI claim, they had not requested the plaintiff to submit to any medical exam with a doctor selected by the defendant.

21. The defendant never tendered the $3,500 offered for plaintiff's UIM BI claim.

22. A UIM BI claim is a first-party claim.

23. The defendant was required to reasonably assist the plaintiff in claims related to the 9/15/18 collision.

24. The defendant was required to provide written notifications every 45 working days from the date of the initial notification of plaintiff's UIM BI claim.

25. The defendant was required to be prompt, objective, even-handed and unbiased in its investigation, evaluation and payment of plaintiff's UIM BI claim.

26. In handling the plaintiff's UIM BI claim, the defendant was obligated to treat the plaintiff's interests with equal regard as its own.

27. The defendant was required to provide a reasonable explanation of its adjustment to the plaintiff.

28. The defendant was required to provide a reasonable explanation of any offer of compromise settlement.

29. The defendant was obligated to pay what it believed that it owed to the plaintiff.

30. The defendant was obligated to pay any undisputed portion of plaintiff's claim pursuant to 3 AAC 26.070.

31. The defendant was not prompt, objective, even-handed and unbiased in its investigation, evaluation and payment of plaintiff's UIM BI claim.

32. The defendant failed to reasonably explain is adjustment or denial to the plaintiff.

33. The defendant failed to communicate timely with the plaintiff.

34. The defendant unreasonably investigated the plaintiff's UIM BI claim.

35. The defendant unreasonably evaluated the plaintiff's UIM BI claim.

36. The defendant failed to reasonably explain its UIM BI evaluation.

37. The defendant is liable for the actions and/or failures to act of its employees under theories of vicarious liability and/or respondeat superior and/or agency.

38. The defendant's adjustment of plaintiff's UIM BI claim lacked an objectively reasonable basis.

39. The defendant's unreasonable investigation and/or evaluation and/or denial of payment of UIM BI damages were substantial factors in causing harm to the plaintiff for which the defendant is liable.

40. The defendant is liable for breach of contract.

41. The defendant negligently adjusted the plaintiff's UIM BI claim which was a substantial factor in causing harm to the plaintiff for which the defendant is liable.

42. The defendant recklessly adjusted the plaintiff's UIM BI claim which was a substantial factors in causing harm to the plaintiff for which the defendant is liable.

43. The defendant's unreasonable evaluation and offer in the plaintiff's UIM BI claim were part of an intentional and malicious scheme to save money for itself.

44. The defendant is liable for breach of the covenant of good faith and fair dealing.

45. The defendant's conduct evidenced reckless disregards to the interests of the plaintiff and/or was outrageous.

46. The defendant is liable for past and/or future: medical expense, pain, suffering, emotional distress, frustration, anxiety, loss of earnings, loss of non-market household services, loss of capacity for enjoyment of life, inconvenience and other non-pecuniary damages to be more fully set forth at trial, all in an amount less greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

47. The defendant is liable for punitive and/or exemplary damages.

48. The defendant is liable for full reasonable attorney fees pursuant to AS 09.60.070.

WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests a judgment against defendant for an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, injunctive relief, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 17th day of June, 2021.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: _____
JEFF BARBER
AK Bar #0111058

4339/01 Complaint
Boonstra v. State Farm Mutual Automobile Ins. Co.
Page 8